**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Dwight Schackart, | No. CV 03-287-TUC-DCB |
| Petitioner, | |
| vs. | DEATH PENALTY CASE |
| Charles L. Ryan, et al., | **ORDER AND AMENDED CERTIFICATE OF APPEALABILITY** |
| Respondents. | |

Pending before the Court is Petitioner's Motion to Amend Findings, to Make Additional Findings, and to Alter or Amend Judgment. On March 17, 2009, the Court denied Petitioner's amended habeas corpus petition and entered judgment. (Dkts. 103, 104.) The Court simultaneously issued a Certificate of Appealability (COA) with respect to Claims 5 and 6(a). (Dkt. 103 at 28.) Petitioner requests that the Court reverse its dismissal of Claims 2, 3, 7(a), and 10, and allow him to raise those claims in state court. Additionally, and/or in the alternative, Petitioner requests that the Court expand the COA to include Claims 1, 2, 3, 4(d), 7(a), 9, and 10.

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

As an initial matter, the Local Rules provide that "any motion for reconsideration shall be filed no later than ten (10) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). In its September 14, 2005 Order, the Court explicitly extended the deadline provided by the Local Rules, allowing Petitioner fifteen days to seek reconsideration of anything in that Order. (Dkt. 75 at 57.) Claims 2, 3, and 7(a) were dismissed with prejudice in the September 2005 Order; thus, any request for reconsideration with respect to those dismissals should have been filed within fifteen days of that Order.

**Claim 2**

The Court held that Claim 2, alleging denial of a fair and impartial jury, had not been fairly presented in state court and that there was no state remedy presently available. The Court, therefore, found the claim defaulted. The Court rejected Petitioner's argument that ineffective assistance (IAC) of post-conviction relief (PCR) counsel constituted cause to excuse the default. Petitioner seeks reconsideration of that decision because he contends there has been a change in the law and there is now a right to effective assistance during PCR proceedings.[1]

First, Petitioner contends Claim 2 is not defaulted but unexhausted because he has an available remedy in state court based on this alleged significant change in the law that he contends would operate as an exception to state timeliness and preclusion procedural bars. If Petitioner were to raise Claim 2 in state court, it would be found precluded for failure to raise it on appeal, not during PCR proceedings, Ariz. R. Crim.P. 32.2(a)(3) and 32.4; whether his PCR counsel was ineffective would have no bearing on that decision. Second, since the Court's ruling on Claim 2, there has been no change in the federal constitutional Supreme Court and Ninth Circuit law upon which the Court relied in finding that IAC of PCR counsel

---

[1] Petitioner's instant motion indicates this same argument applies to Claims 3 and 7(a); however, he argued IAC of appellate counsel, not PCR counsel, to excuse the default of those claims. (Dkt. 52 at 26, 48; Dkt. 75 at 12, 19.) Thus, his arguments regarding IAC of PCR counsel are not relevant to the Court's resolution of Claims 3 and 7(a).

- 2 -

1 cannot operate as cause to excuse a procedural default. (*See* Dkt. 75 at 9-10.) Thus, there is no basis to reconsider the Court's ruling that Claim 2 is technically exhausted but procedurally defaulted.

### Stay and Abeyance for Claims 2, 3, 7(a), and 10

Petitioner contends the Court should issue a stay to allow him to raise Claims 2, 3, and 7(a) in state court under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005). *Rhines*, 544 U.S. at 277, and *Cassett*, 406 F.3d at 623-24, apply only to unexhausted claims. The Court found Claims 2, 3, and 7(a) procedurally defaulted, not unexhausted. (Dkt. 75 at 9, 11-12, 18 (finding that Claims 3 and 7(a) were raised in state court and found barred on independent and adequate state grounds).) Therefore, *Rhines* and *Cassett* are inapplicable and there is no basis for a stay. Further, Petitioner does not contend that the Court's procedural default rulings regarding Claims 3 and 7(a) were in error; as addressed above, the Court rejects Petitioner's arguments regarding the procedural default of Claim 2.

In response to Respondents' argument that these claims were not properly exhausted, Petitioner never requested a stay to return to state court with these claims. Nor did he do so after the Court found them procedurally defaulted. A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (finding no abuse of discretion when district court declines to address an issue raised for the first time in a motion for reconsideration)). Additionally, Petitioner's failure to attempt to exhaust these claims since the Court found them procedurally barred in September 2005 precludes finding good cause for a stay. *See Rhines*, 544 U.S. at 277 (finding a stay inappropriate when no good cause for the failure to exhaust claims in state court before coming to federal court). Petitioner's request for reconsideration of the Court's rulings with respect to Claims 2, 3, and 7(a) is denied, as is his request for a stay.

- 3 -

1    With respect to Claim 10, the Court bypassed an exhaustion analysis and denied the claim on the merits. (Dkt. 103 at 19-21.) Petitioner contends that the Court was required to assess exhaustion and grant a stay if it found that the claim was defaulted. As stated above, defaulted claims are distinct from unexhausted claims and do not warrant a stay. If the Court had assessed exhaustion and had found that Claim 10 had never been fairly presented in state court, it would have concluded that there was no available remedy under Arizona's PCR rules; therefore, the claim would have been found procedurally defaulted, not unexhausted. If the Court had found that Claim 10 was exhausted, it would have conducted the same merits analysis it undertook in the March 2009 order. Reconsideration of Claim 10 is denied.

### Certificate of Appealability as to Claims 1, 2, 3, 4(d), 7(a), 9, and 10

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the court's procedural ruling was correct. *Id.*

In light of Petitioner's recent arguments, the Court finds that Claims 3 and 4(d) are adequate to proceed on appeal. The Court will amend the COA to includes those two claims. For the reasons stated in the Court's orders denying Claims 1, 2, 7(a), 9, and 10, the Court declines to issue a COA as to those claims. (Dkts. 75, 103.)

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Amend Findings, to Make Additional Findings, and to Alter or Amend Judgment (Dkt. 105) is **DENIED in part and GRANTED in part**.

- 4 -

**IT IS FURTHER ORDERED** that the Certificate of Appealability is amended to include the following issues:

Whether Claim 3 – alleging that Petitioner's rights were violated by the admission of his confession – is procedurally defaulted and/or fails on the merits.

Whether Claim 4(d) – alleging ineffective assistance of counsel on appeal for failure to challenge the admission of Petitioner's confession – fails on the merits.

Whether Claim 5 – alleging that Petitioner's right to a fair and impartial jury was violated – fails on the merits.

Whether Claim 6(a) – alleging ineffective assistance of counsel for failing to develop a proper factual record regarding the partiality of the jury – fails on the merits.

DATED this 4th day of May, 2009.

David C. Bury
United States District Judge